# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

JERRY N. JONES, et al.,                )
                                        )
           Plaintiffs,            )
                                        )
           v.                     )    Case No. 04-04184-CV-C-NKL
                                        )
HARRIS ASSOCIATES L.P.,                 )
                                        )
           Defendant.             )

## ORDER

Defendant Harris Associates L.P. ("Harris") has filed a Motion to Transfer Venue [Doc. 21], as well as a Motion to Dismiss [Doc. 30]. For the reasons stated below, the Motion to Transfer will be granted, and the Court will not rule on the Motion to Dismiss.

The Plaintiffs are shareholders in certain mutual funds managed by Harris. In addition to managing the funds, Harris provides administrative and investment advisory services to the Plaintiffs, in exchange for a fee based on a percentage of the net assets of all the funds in its "Fund Complex," of which Plaintiffs' funds are a part. The Plaintiffs allege that Harris has breached its fiduciary duties toward the Plaintiffs by charging excessive fees for its services, and by retaining excessive profits derived from economies of scale. Specifically, the Plaintiffs allege that Harris has increased its fees as a percentage of Fund Complex assets over the past decade, when it should have decreased its fees to reflect the economies of scale achieved by extraordinary net asset growth

1

during that period.  The Plaintiffs have filed a derivative action pursuant to section 36(b)

of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b).

Harris, a Delaware limited partnership, requests the Court to transfer this action to

the Northern District of Illinois, where it has its principal place of business.  The Court is

authorized to "transfer any civil action to any other district or division where it might

have been brought" "[f]or the convenience of parties and witnesses."  28 U.S.C. §

1404(a).  Although the Plaintiffs, two of whom are Missouri residents who reside in the

Central Division,[1] do not dispute that the action could have been brought in the Northern

District of Illinois, the Plaintiffs argue that transfer of the action would be inappropriate

under section 1404(a).

"The statutory language reveals three general categories of factors that courts must

consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the

convenience of the witnesses, and (3) the interests of justice."  *Terra Int'l, Inc. v.*

*Mississippi Chem. Corp*., 119 F.3d 688, 691 (8th Cir. 1997).  In addition, courts must

consider other factors relevant to the circumstances specific to the case at hand.  *Id.*

After considering the circumstances particular to this case, the Court finds that

allowing the action to proceed in the Western District of Missouri would significantly

inconvenience the parties and witnesses, and would not promote the interests of justice.  It

is undisputed that nearly all of the documents relevant to the issues in this case are located

in the Northern District of Illinois.  It is also undisputed that nearly all of the potential

_____

[1]The other plaintiff is a Florida resident.

witnesses are located there, including the trustees of the mutual funds who approved the

challenged fee arrangements and the Harris officers and employees who provided

managerial and administrative services for the funds.  Harris has identified eleven such

witnesses who have knowledge of the issues of this case, none of whom are located in

Missouri.  Whether they be treated as parties or witnesses, as a practical matter, these

individuals who have relevant information are all located in Chicago and, therefore, it

would be more convenient for the case to be heard in the Northern District of Illinois.

The Court recognizes that Plaintiffs Jerry and Mary Jones, who are residents of

Missouri, would suffer some inconvenience if required to prosecute this action in Illinois.

However, the Plaintiffs have not challenged Harris's assertion that their personal

involvement in this case will be minimal.  Unlike Harris's employees, who have direct

knowledge of the central issues in this case, the Plaintiffs' knowledge of the relevant

issues is limited to their purchase of mutual funds and the damages they allegedly

suffered as a result of that purchase.  Therefore, the Plaintiffs will probably not be

required to undergo lengthy depositions, and their required participation at trial will likely

be minimal.[2]

This situation is common in derivative suits, where plaintiffs' only relationship to

the lawsuit is the mere fact that they purchased the securities at issue.  For that reason,

"when an individual brings a derivative suit or represents a class, the named plaintiff's

choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)

---

[2]In addition, Harris has offered to take Plaintiffs' depositions in Missouri.  (Harris Suggestions in Support [Doc. 22], p. 9.)

(finding that transfer was proper in a derivative suit, in part because the majority of the witnesses lived and worked in the transferee state).

Having reviewed other cases involving section 36(b) of the Investment Company Act of 1940, as well as shareholder derivative disputes, the Court concludes that *Belzberg* accurately reflects the weight of authority on this issue. *Lewis v. C.R.I., Inc.*, 2003 WL 1900859 (S.D.N.Y. 2003); *Nelson v. Aim Advisors, Inc.*, 2002 WL 442189, 4 (S.D. Ill. 2002); *Roy v. Alliance Capital Management, L.P.*, 2002 WL 32657085, *3 (M.D.Fla. 2002); *Abramson v. INA Capital Management Corp.*, 459 F. Supp. 917, 923 (E.D.N.Y. 1978); *In re Nematron Corp. Securities Litigation*, 30 F. Supp. 2d 397 (S.D.N.Y. 1998); *Guenther v. Cooper Life Sciences, Inc.*, 1988 WL 131340 (D. Minn. 1988); *Eichenholtz v. Brennan*, 677 F. Supp. 198 (S.D.N.Y. 1988)*; Stanley v. Carret*, 1971 WL 244 (S.D.N.Y. Feb. 16, 1971) (transferring a derivative suit alleging violation of the ICA, including excessive advisory fees, from the Southern District of New York to the District of Massachusetts); *cf. Miller v. Mitchell Hutchins Asset*, No. 01-CV-0192-DRH (S.D. Ill. Nov. 9, 2001) (order denying motion to transfer); *see also Ackert v. Ausman*, 198 F. Supp. 538 (S.D.N.Y. 1961) (transferring a derivative and representative claim brought under the ICA for violation of fiduciary duty from the Southern District of New York to the District of Minnesota).

The Court concludes that the relevant factors significantly weigh in favor of transfer to the Northern District of Illinois.

Accordingly, it is hereby

4

ORDERED that Defendant's Motion to Transfer Venue [Doc. 21] is GRANTED.

This case is transferred to the Northern District of Illinois for further proceedings.

                                              s/ Nanette K. Laughrey
                                              NANETTE K. LAUGHREY
                                              United States District Judge

Dated: December 21, 2004
Jefferson City, Missouri